IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| TRESA PARTEE, | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| vs. | ] | Case No: |
| CEVA LOGISTICS U.S., INC. and ELWOOD STAFFING, INC. | ] | JURY DEMAND |
| Defendants. | ] | |

## COMPLAINT

Comes now the Plaintiff, TRESA PARTEE, by and through counsel and for her Complaint against Defendants CEVA Logistics and Elwood Staffing, Inc., state as follows:

### JURISDICTION and VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A §§ 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a. This Court has subject matter jurisdiction and personal jurisdiction of this action pursuant to federal question jurisdiction pursuant to 42 U.S.C.A. §2000e-5(f), 28 U.S.C.A. §§ 1343(4), and pursuant to 28 U.S.C.A. §1367.

2. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITES

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on August 20, 2012, a true and correct

copy of which is attached hereto as Exhibit A. Further, Defendant is a domestic corporation that employees more than fifteen employees.

## PARTIES

4. Plaintiff, Tresa Partee, is an adult female citizen of the United States who resides in Davidson County, Nashville, Tennessee. At all relevant times, Ms. Partee was an employee of Defendants CEVA Logistics and Elwood Staffing Services, Inc. (hereinafter "Elwood"), within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(701)(f).

5. Defendant CEVA Logistics is a foreign corporation or similar business entity and regularly conducts business in the State of Tennessee.

6. Defendant Elwood Staffing is a foreign corporation or similar business entity and regularly conducts business in the State of Tennessee.

7. At all relevant times, Defendants CEVA Logistics and Elwood Staffing engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(701)(f).

## FACTUAL ALLEGATIONS

8. Plaintiff is a resident of the State of Tennessee, residing in Davidson County.

9. Plaintiff was employed as a freight handler at CEVA Logistics through Elwood Staffing from December 27, 2009 through January 5, 2011.

10. On or about October 29, 2010 Plaintiff was subjected to unwanted sexual advances by a male co-worker named Prince l/n/u, (hereinafter "Prince").

11. Prince approached Plaintiff and grabbed the front of her body, near her pubic region.

12. Plaintiff slapped his hand away, became upset and told Prince not to touch her like that.

13. Immediately thereafter, while visibly upset, Plaintiff reported the unwanted sexual advances to her Team Lead, Jason Key.

14. Rather than disciplining Prince, Mr. Key moved Plaintiff to the other side of the line to avoid further contact with Prince.

15. About a month later, in late November or early December 2010, Prince came to Plaintiff's work station and again made unwanted sexual advances towards her.

16. Plaintiff was loading boxes and leaned over.

17. Prince rubbed his hand up against her backside.

18. Plaintiff moved away and continued working with the box.

19. Plaintiff asked Prince if he had a knife.

20. Prince responded, "I have a knife," and grabbed his genitalia and shook himself at Plaintiff.

21. Plaintiff became upset and told Prince to get away from her.

22. The next day, Plaintiff reported Prince's actions to co-worker Edward L/n/u who was previously aware of Prince's conduct toward Plaintiff.

23. Plaintiff learned that another co-worker, Tonya Sims had also been harassed by Prince.

24. On December 29, 2010 Mr. Key asked Plaintiff to work with Prince despite her prior complaints of unwanted sexual advances by Prince.

25. Plaintiff informed Mr. Key that she did not work with Prince due to his prior sexual advances towards her.

26. Mr. Key became visibly upset by Plaintiff's refusal to work with Prince.

27. Mr. Key stated, "I am tired of people telling me 'no.' Somebody is going to get fired."

28. Plaintiff immediately spoke to her supervisor, Lee Kirby, and informed him of the two previous incidents of unwanted sexual advances, Mr. Key's refusal to act on her complaints, and Mr. Key's insistence that Plaintiff work with the harasser.

29. Mr. Kirby stated that he was not aware of Plaintiff's prior complaints and that she did not have to work with the harasser.

30. Mr. Kirby then had a conversation with Mr. Key after which Mr. Key approached Ms. Partee and stated, "I do not remember being told about the sexual harassment."

31. On January 5th, 2011, Team Lead Jason Key assigned Plaintiff to work with Prince.

32. Plaintiff reminded Mr. Key that Mr. Kirby said she didn't have to work with Prince.

33. Mr. Key once again said that he was tired of people telling him 'no.'

34. Mr. Key then told Plaintiff and two other employees to go to the safety training meeting from 7:30 a.m. until 8:30 a.m.

35. After the conclusion of the safety training meeting, Plaintiff immediately went to the office of Deidra James, of Elwood Staffing, and informed her of the sexual harassment and the lack of response she was receiving from CEVA Logistics management.

36. Ms. Partee informed Ms. James that another co-worker, Tonya Sims, had also been subjected to unwanted sexual advances by Prince.

37. Ms. James asked Plaintiff to write out her statement regarding the two incidents of sexual harassment.

38. During her meeting with the Plaintiff, Ms. James placed a phone call to either Mr. Key or Mr. Kirby regarding Plaintiff's claims.

39. After this phone call, Ms. James stated that Mr. Key informed her that he sent Plaintiff to the office for insubordination.

40. Plaintiff denied Mr. Key's claim and stated that she voluntarily came to the office on her own accord to complain about the sexual harassment.

41. Ms. James then sent Plaintiff home while Defendants conducted an investigation.

42. Ms. Partee immediately filed a complaint with the NAACP alleging sexual harassment and retaliation.[1]

43. On January 5, 2011 at approximately 3:40 p.m. Plaintiff received a phone call from Ms. James stating that Prince had been terminated.

44. Approximately thirty (30) minutes later Ms. James again called Plaintiff to inform her that she was being terminated for insubordination.

45. Plaintiff states that the alleged claims of insubordination are untrue and are merely a pretext for her unlawful termination in retaliation for her reporting and/or refusing to remain silent about illegal activity.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

46. Plaintiff hereby re-alleges paragraphs 1 through 45.

47. Plaintiff has been subjected to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, and because of such actions by Defendants she has suffered both irreparable injury and compensable damage.

---

[1] See attached Ex. B- NAACP Complaint of Discrimination Form

48. Plaintiff was subjected to unwanted sexual advances which were sufficiently severe and pervasive to alter the terms and conditions of her employment and to create a hostile work environment.

49. Further, Plaintiff was subjected to a hostile work environment based on her sex, female, in violation of Title VII.

50. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

51. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## COUNT II

## RETALIATION

52. Plaintiff hereby re-alleges paragraphs 1 through 51.

53. Plaintiff alleges the following: (1) she engaged in an activity protected by Title VII; (2) the exercise of her civil rights was known by Defendants; (3) Defendants took an adverse employment action against Plaintiff; and (4) a causal link existed between the protected action and the adverse employment action.

54. In the alternative, Plaintiff alleges: (1) she was as an employee of Defendants; (2) she refused to participate in, or remain silent about, illegal activities; (3) she was eventually terminated from her position; and (4) there was an exclusive causal relationship between her refusal to participate in or remain silent about illegal activities and her termination by the employer.

55. In the alternative, Plaintiff also alleges that she would show (1) that an employment-at-will relationship existed between herself and a Defendants; (2) that she was discharged; (3) that the reason for her discharge was that she attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and (4) that a substantial factor in the employer's decision to discharge her was her exercise of protected rights or compliance with clear public policy.

**WHEREFORE,** Plaintiff requests:

1. She be granted a judgment against the Defendants for the sum of money determined by the Jury to be sufficient to compensate her for the damages complained of herein.

2. She be granted a judgment against the Defendant for punitive damages.

3. She be granted a judgment against the Defendant for reasonable attorney fees incurred in bringing this action.

4. Defendant be taxed with the cost of this civil action.

5. Any and all further and general relief as justice may require.

Respectfully Submitted,

**THE HIGGINS FIRM**

**/s/ ANNE HUNTER WILLIAMS**
**ANNE HUNTER WILLIAMS, BPR No. 022407**
**JONATHAN A. STREET, BPR No. 021712**
Attorneys for Plaintiff
116 Third Avenue South
Nashville, TN 37201
(615) 353-0930